## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-00091-WDM-CBS

**WAYNE WATSON and MARY WATSON**

**Plaintiffs,**

v.

**DILLON COMPANIES, INC.,** *d/b/a*
*King Soopers, also d/b/a Inter-American-Products, Inc.;*
**INTER-AMERICAN PRODUCTS, INC.;**
**THE KROGER CO.,**
*d/b/a King Soopers,*
*also d/b/a Inter-American-Products, Inc.,*
*also d/b/a Dillon Companies, Inc.;*
**BUSH BOAKE ALLEN, INC.,**
*A Virginia Corporation;*
**GILSTER-MARY LEE CORPORATION;**
**FLAVOR CONCEPTS, INC.;**
**FONA INTERNATIONAL, INC.,**
*f/k/a Flavors of North America, Inc.;*
**GIVAUDAN FLAVORS CORP.;**
**INTERNATIONAL FLAVORS & FRAGRANCES, INC.,**
*A New York Corporation;*
**SCISORKE & SONS FLAVORS, INC.;**
**BIRDS EYE FOODS, INC.; and**
**JOHN DOE DEFENDANTS 9-20**

**Defendants.**

---

## PROTECTIVE ORDER

---

This Protective Order (the "Order") is entered pursuant to Rule 26 (c) of the Federal Rules

of Civil Procedure. The Court recognizes that the parties and non-party witnesses to this action may

possess private, trade secret, and/or proprietary information, which is confidential or of competitive

commercial value and may be subject to discovery in this action, but which should not be made available to competitors or to the public generally.

Accordingly, IT IS HEREBY ORDERED as follows:

## A.    CONFIDENTIAL Documents Defined.

Documents or information produced or disclosed within any proceeding, formal or informal, including but not limited to, written discovery, depositions, affidavits, document production and expert disclosures, by any of the parties to this action or by any non-party witness, which a party or witness designates as "Confidential." For purposes of this Order, Confidential information includes, but is not limited to, documents that contain trade secrets, proprietary or sensitive information, employee records and personnel files, Plaintiffs' medical records, and any other information subject to privacy rights. If discoverable, employee records, personnel files and medical records may be marked Confidential. By entering this agreement and defining Confidential information the parties are not agreeing or stipulating that any specific documents are discoverable, and reserve all rights and objections. Sales records, material safety data sheets, safety precautions, and safety records are not generally deemed Confidential; however, a producing party reserves the right to evaluate such documents and to designate such documents or portions thereof should they contain Confidential or Attorneys' Eyes Only information within. Confidential information shall be revealed only to: (a) the Court, the Court's staff and any Court-appointed mediators, arbitrators or expert witnesses; (b) the parties and their officers, employees, and agents who are providing assistance to counsel in this action (including in-house counsel participating in the defense of this action), and any persons joined as parties in the future; (c) the parties' attorneys of record and those attorneys' associates, assistants, employees, and vendors; (d) consultants, technical experts, expert witnesses, potential

2

fact witnesses, and agents involved in the preparation of this action who have signed the "Agreement to be Bound by Protective Order" attached hereto as **Exhibit A**; (e) insurers or representatives of the parties who have signed the "Agreement to be Bound by Protective Order" attached as **Exhibit A**; and (f) court reporters, their transcribers, assistants, and employees.

## B. ATTORNEYS' EYES ONLY Documents Defined.

2. Documents or information produced or disclosed within any proceeding, formal or informal, including but not limited to, written discovery, depositions, affidavits, document production, and expert disclosures, by any of the parties to this action or by any non-party witness, which are of a highly sensitive or proprietary or trade secret nature, may be designated by the producing party or witness as "ATTORNEYS' EYES ONLY." For purposes of this Order, ATTORNEYS' EYES ONLY information includes, but is not limited to, product formula information, non-public financial information, pricing information, and customer lists. ATTORNEYS' EYES ONLY information shall be revealed only to (a) outside attorneys of record for a party to this litigation; (b) expert witnesses or expert consultants assisting counsel of record who have signed the "Agreement to be Bound by Protective Order" (attached hereto as Exhibit A); (c) deponents or other fact witnesses, but only if that witness is not an employee of a competitor of the producing party and has signed the "Agreement to be Bound by Protective Order"; (d) the Court and its staff; and (c) court reporters, their transcribers, assistants, and employees. ATTORNEYS' EYES ONLY documents or information shall not be shown to employees of any competitors of the producing party, nor shall such documents or information

be disclosed or used in any way that would allow such information to become known to employees of competitors of the producing party.

### C.  Use of CONFIDENTIAL and ATTORNEYS' EYES ONLY Documents.

3.   The parties, counsel for the parties, and all other persons to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information is disclosed in accordance with this Order shall use all such documents or information solely for the purposes of case preparation and trial in popcorn or flavor related litigation. Such documents or information shall not be used in any other case unless and until ATTORNEYS' EYES ONLY and CONFIDENTIAL protective orders are in place with the same protections as are afforded in this case. In addition, if a party wishes to use in another action the documents produced by a third party witness in this action the third party witness must be given notice and no less than thirty (30) days to object to the use of any document in other popcorn or flavor related litigation. Notice that such documents may be used in a specific case is sufficient notification and the party need not give notice off each document and each time that the documents will be used.

4.   Before disclosing CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information in accordance with this Order to any person other than the Court, court reporters, and their respective staff, counsel for the party seeking to disclose such information shall obtain that person's signature to the "Agreement to be Bound by Protective Order", attached hereto as **Exhibit A**. Such person shall sign and date a copy of the "Agreement to be Bound by Protective Order," evidencing his or her agreement to be bound thereby. Such counsel shall maintain all signed copies of the "Agreement to be Bound by Protective Order" until the

4

conclusion of this case, as defined below, and shall be required to provide a copy of any signed "Agreement to be Bound by Protective Order" to the producing party upon request.

5.    Written material submitted to the Court that contains, refers to or reveals CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be subject to this Order, and shall be filed under seal. Upon filing, the Clerk is directed to maintain such documents under seal and to make such documents available only to the Court, Court personnel, and counsel for the parties to this action. The parties shall files such CONFIDENTIAL or ATTORNEYS' EYES ONLY information in sealed envelopes or other sealed containers which shall state on the caption page, "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY –HIGHLY CONFIDENTIAL: SUBJECT TO ATTORNEYS' EYES ONLY PROTECTIVE ORDER." A party may file CONFIDENTIAL or ATTORNEYS' EYES ONLY documents under seal in the manner designated herein without the need to bring a separate motion asking the Court to file such documents under seal.

6.    Depositions or portions thereof may be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by informing the court reporter (and videographer, if applicable) at the time of the deposition and/or within no later than thirty days after the transcript has been provided to counsel. The court reporter (and/or videographer) shall indicate that such designation was made and shall stamp or mark the face of the transcript (and/or videotape) accordingly.

7.    At the conclusion of this case (which shall be upon entry of a final dismissal and/or final judgment in the last of any proceeding under the case number regardless or whether an appeal is taken by any party), all CONFIDENTIAL or ATTORNEYS' EYES ONLY

information produced by any party and designated as subject to this Order, including all copies, extracts and summaries thereof, shall be returned upon request to *the* producing party within thirty (30) days after such request is made. One copy of the returned documents shall be maintained by the producing party. Attorney work product containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be destroyed instead of being returned to the producing party, provided that counsel certifies in writing no later than 30 days after the request of the producing party that such destruction has occurred. Counsel in this matter are authorized to use these documents in other popcorn or flavor-related litigation and may produce same when a protective order providing the same levels of protection is entered in such case(s). Counsel may retain CONFIDENTIAL and ATTORNEYS' EYES ONLY information until the conclusion of all popcorn or flavor-related litigation in which they are counsel of record as long as the party having provided that information in the instant litigation is also a party to the other litigation. In such circumstances, a request for return of CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be made by the producing party at the conclusion of the other case(s), under the terms of the Protective Order and/or any other applicable authority. Retained CONFIDENTIAL and ATTORNEYS' EYES ONLY information may be shared with other counsel only if said counsel actively represents a party in popcorn or flavor related litigation and said counsel and/or their law firm has signed a protective order providing the protection that is afforded in this case.

**D.      Other Provisions Applicable to CONFIDENTIAL and ATTORNEYS' EYES ONLY Documents.**

8. Any CONFIDENTIAL or ATTORNEYS' EYES ONLY information that is inadvertently produced without the appropriate designation or other identification as to its confidential nature may be designated in writing within sixty (60) days of the date of discovery by the producing party after learning that such CONFIDENTIAL or ATTORNEYS' EYES ONLY material has been produced without such designation.

9. The terms of this Order shall apply to documents or information previously produced by any party or non-party in any popcorn or flavor related litigation and designated as subject to the protective orders in those cases.

10. This Order may be construed or modified by the Court on its own motion or on application of any of the parties to this action.

11. Any party that challenges the designation of any documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY may apply to the Court for *in camera review* of the documents or information at issue and for an Order determining the application of this Protective Order to such documents or information. Prior to making such application to the court the challenging party shall meet and confer in good faith with the producing party in an effort to resolve the dispute.

12. The terms of this Order shall remain in effect after the conclusion of this case, and this Court hereby retains jurisdiction to interpret and enforce this Order under the laws of the State of Colorado following the conclusion of this case. The parties, including all experts and other persons subject to discovery in this action or who receive a copy of this Order, hereby consent to the jurisdiction of this Court for the purpose of enforcement of this Order.

HAVE SEEN AND AGREED:

_____

Miles M. Dewhirst, #16832
Marilyn B. Doig, Esq. #29219
William B. Dulaney, Esq., #38823
Dewhirst & Dolven, LLC
102 South Tejon Street, Suite 500
Colorado Springs, CO 80903
Phone: (719) 520-1421; Fax: (719) 633-3387
mdoig@dewhirstdolven.com

*Counsel for Defendants Dillon Companies,
Inc., Inter- American Products, Inc. and the
Kroger CO.*

_____

Kenneth B. McClain
Steve E. Crick
Scott A. Britton-Mehlisch
Andrew K. Smith
Humphrey, Farrington, & McClain, P.C.
221 W. Lexington, Ste. 400
Independence, MO 64050

*Counsel for the Plaintiffs*


ENTERED:


_____

Hon. Craig Shaffer


Date:_____


8

DATED at Denver, Colorado, this 16th day of June, 2008.

BY THE COURT:

_s/Craig B. Shaffer_
Craig B. Shaffer
United States Magistrate Judge

**Exhibit A**

**<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>**

I have reviewed a copy of the Protective Order entered in the litigation known as *Wayne*

*Watson, et al. v. Dillon Companies, Inc., et al.,* Case No. 08-CV-00091-WDM-CBS in the United

States District Court for the District of Colorado.  I understand the limitations this Protective Order

imposes on the use and disclosure of documents and/or information designated as

CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.  I agree to be bound by all of the terms of

the Protective Order.  I further understand that the unauthorized use or disclosure of documents

and/or designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY may constitute

contempt of Court, and I hereby consent to the personal jurisdiction of the United States District

Court for the District of Colorado in connection with the use or disclosure of such information.


NAME                                        SIGNATURE                                        DATE




_____                    _____                    _____