IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00091-WDM-CBS

WAYNE WATSON and
MARY WATSON,
    Plaintiffs
v.

DILLON COMPANIES, INC., d/b/a King Soopers, also d/b/a
Inter-American-Products, Inc.;
INTER-AMERICAN-PRODUCTS, INC.;
THE KROGER CO.;
BUSH BOAKE ALLEN, INC.;
GILSTER-MARY LEE CORPORATION;
FLAVOR CONCEPTS, INC.;
FONA INTERNATIONAL, INC, f/k/a Flavors of North America, Inc.;
GIVAUDAN FLAVORS CORP.;
INTERNATIONAL FLAVORS & FRAGRANCES, INC.;
SCISOREK & SONS FLAVORS, INC.;
BIRDS EYE FOODS, INC.; and
JOHN DOE DEFENDANTS 9-20,
    Defendants.

---

**ORDER REGARDING MOTION TO SET DEADLINES
TO DESIGNATE NON-PARTIES AT FAULT**

---

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Defendant Scisorek & Sons Flavors, Inc.'s

(hereinafter "Scisorek") Motion to Set Deadlines to Designate Non-Parties at Fault Pursuant to

C.R.S. § 13-21-111.5 (doc. # 93), filed on September 5, 2008. Counsel for Defendant Scisorek

indicates that all other Defendants in this action wish to join in the pending motion. Plaintiffs

Wayne and Mary Watson filed their Opposition to Defendants' Motion to Set Deadlines to

Designate Non-Parties at Fault (doc. # 97) on September 12, 2008. Pursuant to an Order of

Reference to United States Magistrate Judge, dated January 23, 2008, this matter was referred to the Magistrate Judge to, *inter alia*, "hear and determine pretrial matters, including discovery and other non-dispositive motions." The court addressed the instant motion during a hearing on October 9, 2008. I have reviewed the motion and briefs filed by the parties, the cases cited therein, and the court's file, and carefully considered the comments made by counsel during the October 9th hearing. For the following reasons, Defendant Scisorek's motion will be granted in part and denied in part.

**FACTUAL BACKGROUND**

Plaintiffs Wayne and Mary Watson filed their original Complaint (doc. # 1) on January 15, 2008, asserting claims against Dillon Companies, Inc., Inter-American-Products, Inc., The Kroger Co., and John Doe Defendants 1-20. The original Complaint alleged that Wayne Watson contracted a lung disease, *bronchiolitis obliterans*, as a result of his exposure to certain flavoring chemicals while preparing and consuming microwave popcorn designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled and/or sold by the Defendants. In particular, the Watsons allege that microwave popcorn contains the compound diacetyl and other compounds that volatilize during the preparation and use of the oil and flavor mixture in the popcorn packaging process and during the process of cooking the popcorn in a microwave oven. *See* Complaint, at ¶¶ 1, 12-14 and 18. Plaintiffs assert claims for negligence, strict liability based upon defective design, failure to warn, and loss of consortium, as well as a violation of Colorado's Uniform Deceptive Trade Practices Act, C.R.S. § 6-1-105. On February 27, 2008, Plaintiffs filed their First Amended Complaint (doc. # 4) which did not add new parties or claims for relief.

Defendants Dillon Companies, Inc., Inter-American Products, Inc.,and The Kroger Co. (collectively "the Original Defendants") filed their Non-Party Designations (doc. #7), pursuant to C.R.S. § 13-21-111.5(3)(b), on April 14, 2008, 90 days after the lawsuit was commenced on January 15, 2008. The Original Defendants specifically designated as non-parties Flavor Concepts, Inc. and Givaudan Flavors Corp., suggesting that these entities "may have manufactured the buttery flavoring used in popcorn sold under the label First Choice and may be at fault in part or in total for the damages claimed by Plaintiffs in this action." The Original Defendants also claimed that "any and all manufacturers of butter flavoring, including natural butter flavoring and artificial butter flavoring, their employees, or agents who manufactured the butter flavoring containing diacetyl may be at fault in part or in total for the damages claimed by Plaintiffs in this action."

Plaintiffs filed a Second Amended Complaint (doc. # 13) on May 13, 2008. This pleading retained the same claims for relief, but added as defendants Bush Boake Allen, Inc. (served on May 21, 2008); Gilster-Mary Lee Corp. (served on May 21, 2008); Flavor Concepts, Inc. (served on May 30, 2008); FONA International, Inc. (served on May 21, 2008); Givaudan Flavors Corp. (served on May 21, 2008); International Flavors & Fragrances, Inc. (served on May 21, 2008); and Scisorek & Sons Flavors, Inc. (served on May 22, 2008). On May 30, 2008, the court allowed Plaintiffs to file a Third Amended Complaint (doc. # 18) joining Birds Eye Foods, Inc. as an additional defendant. Plaintiffs served Birds Eye Foods on June 5, 2008.

Defendant FONA International Inc. filed a Motion to Dismiss (doc. # 36) on June 19, 2008, followed by Defendant Scisorek's Motion to Dismiss (doc. # 65) on July 7, 2008. Both Defendants contend that they should be dismissed from the litigation based on lack of personal

jurisdiction. All other defendants have filed Answers to the Third Amended Complaint in which they expressly invoke C.R.S. § 13-21-111.5 as an affirmative defense or, in the case of Defendant Givaudan Flavors Corp., assert that "negligence or wrongful conduct of other third parties proximately caused and/or contributed to" Plaintiffs' alleged damages.

The parties conferred on July 7, 2008, pursuant to Fed.R.Civ.P. 26(f), and submitted a proposed Fed.R.Civ.P. 16(b) scheduling order (doc. # 69) on July 8, 2008. In the scheduling order submitted to the court, the defendants joined in the Second and Third Amended Complaints (hereinafter "the Flavoring Defendants") noted that they "were only recently added as defendants in this case and are investigating whether to file Designations of Non-Parties at Fault or whether to seek to join additional parties."

During the Rule 16 scheduling conference on July 11, 2008, counsel for Defendant FONA advised the court that if his client's jurisdictional motion is denied,

> our plan is to file third-party complaints against our suppliers. And I – we've done an analysis of that. I don't have it right here with me, but there's about five or six dyacetyl (sic) suppliers. My company is a relatively small company and, as a result, we tend to try to spread the risk as much as we can. And we would plan on that.

*See* Transcript of Scheduling Conference (doc. # 85), at 7. Defendant Scisorek also held out the possibility of filing third-party complaints against their diacetyl suppliers if its pending motion to dismiss is denied. *Id.* at 8. Not surprisingly, given their different postures, the parties' proposed scheduling order reflected little agreement as to discovery and pretrial deadlines. This court expressed its desire to reconcile the competing objectives of moving the case forward and avoiding unnecessary litigation expense during the pendency of the Rule 12(b)(2) motions. After considering the comments of counsel, this court allowed each party to serve 25

interrogatories, including discrete subparts, and 25 requests for production directed to the merits of the litigation. *See* Courtroom Minutes/Minute Order (doc. # 81). I also permitted the parties to take depositions directed specifically to the issues raised in FONA and Scisorek's motions to dismiss. On August 22, 2008, the court expanded these discovery parameters to allow Defendants to serve subpoenas on non-party grocery store chains in the Denver area in order to obtain loyalty information that might shed light on Plaintiffs' purchasing practices at those stores.

On September 5, 2008, Defendant Scisorek filed the instant motion. In arguing for the requested relief, Scisorek pointed out that "no date has been set by a prior pretrial order for non-party designations to be filed." Scisorek also stated that "Defendants are preparing coordinated written discovery requests to limit the number of different sets to which plaintiffs must respond."[1] More specifically, Scisorek suggested that

> [t]wo specific categories of potential designees require additional discovery before Defendants can determine the appropriateness of non-party designations. First, medical records produced by plaintiffs indicate that Mr. Watson's doctors initially noted a potential association between his respiratory problems (which emerged before the period during which he claims that he consumed microwave popcorn) and his exposure to carpet cleaning chemicals used in his carpet cleaning business. . . . Second, the Court recently expanded the limitation on discovery to allow subpoenas for loyalty information from third-party grocery store chains in Colorado. The Defendants anticipate that this loyalty information may lead to information concerning additional potentially culpable parties.

Defendant Scisorek requested that Defendants be allowed 30 days after Mr. Watson's deposition to file non-party designations relating to his potential exposure to carpet cleaning chemicals and

---

[1] Defense counsel first raised the possibility of serving Plaintiffs with an initial joint set of written discovery during the Rule 16 scheduling conference on July 11, 2008. *See* Transcript of Scheduling Conference (doc. # 85), at 34-36.

proposed a deadline of 30 days after receipt of loyalty information to designate potentially culpable non-parties relating to sales of other food products.

In their Opposition brief, Plaintiffs challenged Defendant's motion as untimely. The Watsons noted that as of September 12, 2008, no defendant had served any written discovery, notwithstanding the authorization provided by the court on July 11, 2008. Plaintiffs reasoned that "Defendants cannot rest on their right to pursue written discovery from plaintiffs, and then use their lack of information as a basis for further delay." *See* Plaintiffs' Opposition (doc. # 97), at 3. The Watsons also argued that they

> will clearly be prejudice if this matter is further delayed in that statute of limitations continue to run against parties unknown to plaintiffs but whose identity is known or reasonably known now by these defendants (sic). There is no certainty as to when the pending motions to dismiss may be ruled upon and there is no reason third party at fault designations should be placed on indefinite hold until these motions are ruled upon. This is true of all defendants but is particularly true of all defendants who have not filed motions based on jurisdiction.

*Id.* at 3-4.

## ANALYSIS

Colorado's pro rata liability statute "was intended to cure the perceived inequity under the common law concept of joint and several liability whereby wrongdoers could be held fully responsible for a plaintiff's entire loss, despite the fact that another wrongdoer, who was not held accountable, contributed to the result." *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997). *But see Watters v. Pelican International, Inc.*, 706 F. Supp. 1452, 1454 (D. Colo. 1989) (notwithstanding C.R.S. § 13-21-111.5, a party held liable for damages in prior tort litigation is not precluded from bringing an action for contribution against a tortfeasor who is not joined or designated in the prior action). To that end, C.R.S. §13-21-111.5(3)(b) provides, in pertinent

part, that

> Negligence or fault of a nonparty may be considered if the claimant entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault *within ninety days following commencement of the action unless the court determines that a longer period is necessary*. (emphasis supplied)

Section 13-21-111.5(3)(b) requires that a timely nonparty designation set forth the "nonparty's name and last known address . . . together with a brief statement of the basis for believing such nonparty to be at fault." *See Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 80 (Colo. 2001) ("[c]ourts should construe designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover"). The notice requirement in § 13-21-111.5(3)(b) presumably is intended to provide sufficient information to allow the plaintiff to conduct appropriate discovery and anticipate issues that may arise at trial. A defendant is not required to come forward with evidence to prove their designations, but only to provide support for their belief that the designated non-parties contributed to the plaintiff's injuries. *See Sandoval v. Archdiocese of Denver,*, 8 P.3d 598, 606 (Colo. App. 2000).

As a threshold matter, the court need not tarry over the suggestion that Scisorek's motion was necessitated by the fact that "no date has been set by a prior pretrial order for non-party designations to be filed." Defendants did not specifically request a deadline in the proposed scheduling order filed on July 8, 2008. This court, as a general procedure, never includes in a Rule 16 scheduling order a specific deadline for identifying non-parties at fault since C.R.S. § 13-21-111.5(b)(3) specifies the relevant time period for making those designations. It is also reasonable to presume that Bush Boake Allen, Inc., International Flavors & Fragrances, Inc.,

7

Flavor Concepts, Inc., Gilster-Mary Lee Corp., and Birds Eye Foods, Inc. were aware of that relevant time period prior to July 8, 2008, as each specifically cited C.R.S. § 13-21-111.5 as an affirmative defense in Answers filed prior to July 8, 2008.

It cannot be disputed that Scisorek's motion is untimely. The pro rata liability statute states that non-party designations must be made "within ninety days following commencement of the action." The Watsons commenced their lawsuit on January 15, 2008, which would have required non-party designations on or before April 14, 2008. The Original Defendants filed non-party designations within that 90-day period. Admittedly, the Flavoring Defendants were not joined in the lawsuit until the Second and Third Amended Complaints were filed on May 13 and 30, 2008, respectively. *Cf. Jenkins v. FMC Technologies, Inc.*, 2008 WL 4059861, *2 (D. Colo. 2008) (calculating the 90-day deadline for designating non-parties from the filing of plaintiffs' amended complaint). If the court takes the most conservative approach and calculates the 90-day deadline from the date each Flavoring Defendant was served with a summons and complaint, Defendant Scisorek should have designated non-parties on or before August 20, 2008, which was 90 days after it was served with a summons and complaint on May 22, 2008. Defendants Bush Boake Allen, Inc., Gilster-Mary Lee Corp., FONA International, Inc., Givaudan Flavors Corp., and International Flavors & Fragrances, Inc. should have designated non-parties on or before August 19, 2008. Birds Eye Foods, Inc., which was served on June 5, 2008, should have designated non-parties on or before September 3, 2008.

A reasonable interpretation of the pro rata liability statute suggests that the moving party has the burden of demonstrating the "necessity" for the requested extension of time. *See Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d at 84 (rejecting an untimely designation of

nonparties where the movant "made no effort to justify the late filing or support it with specific good cause"). In this instance, Scisorek's motion seems to be prompted not by necessity, but rather by Defendants' own inactivity.

Scisorek contends that as of September 5, 2008, "Defendants [had] only received those documents that have been voluntarily produced by parties." Scisorek also claims that Defendants require information about Mr. Watson's exposure to carpet cleaning chemicals, "who the manufacturers of all the products are and whether the products' characteristics support designation of the manufacturers as non-parties at fault." Defendants suggest that they "have had no ability to take this discovery to date" and "will require the deposition of Mr. Watson along with potential discovery on the products disclosed in order to make" their non-party designations. *See* Motion to Set Deadlines (doc. # 93), at 4. Defendants further contend that non-party designations require discovery of loyalty information from third-party grocery store chains in Colorado, which "Defendants have not previously had the ability to develop." *Id.* at 4. Finally, Defendants inexplicably request an additional 20 days to designate "persons or entities about which Defendants have actual present knowledge sufficient to support a designation, such as suppliers of components of the butter flavorings alleged to be at issue." *Id.* at 3.

When I weigh Scisorek's arguments in the context of the undisputed factual record, it is difficult to find the "necessity" for most of the relief requested in the pending motion.[2] On or

---

[2]The "necessity" requirement imposed by C.R.S. § 13-21-111.5(b)(3) arguably should be addressed on a party-specific basis. While the other defendants wish to join Scisorek's motion, none of those parties has provided specific or different facts to support their particular position. That omission is notable, given that the defendants who have not moved to dismiss the Third Amended Complaint presumably had an even greater interest in designating non-parties at fault on a timely basis. The interests of these other defendants must rise or fall on the arguments advanced by Defendant Scisorek.

9

about July 8, 2008, counsel for Defendant Scisorek signed the parties' proposed scheduling order, which specifically stated that the Flavoring Defendants "*are investigating* whether to file Designations of Non-Parties at Fault (emphasis added)." That statement fairly implies that the Flavoring Defendants were aware of C.R.S. § 13-21-111.5 and contemporaneously taking affirmative steps to exercise their right to designate non-parties. Moreover, Defendants FONA and Scisorek stated their intention to join their diacetyl suppliers as third party defendants if their Rule 12 motions were denied. As of July 8, 2008, Scisorek had 43 days to file its non-party designations before the statutory deadline expired on August 20, 2008.

Defendant Scisorek contends that as of September 5, 2008, it had only received "those documents that had been voluntarily produced by parties." Scisorek also claims that as of September 5, 2008, Defendants "had no ability to take" the necessary discovery. To the contrary, the undisputed record shows that Defendants could have served written discovery on Mr. and Mrs. Watson as early as July 11, 2008. Yet, Plaintiffs were not served with interrogatories and requests for production until September 18, 2008, 69 days after the July 11 scheduling conference and six days after Scisorek filed the instant motion. It is difficult to reconcile Defendants' inactivity with the statutory language that speaks of a *necessary* extension of time.

The Colorado statute requires a designation that gives a plaintiff "sufficient notice of the non-parties' conduct so that the plaintiff can prepare to address it." "At the very least, the designation must set forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the nonparty's fault" *Id. See also Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002) (recognizing that unidentified or unknown persons

10

may be designated as non-parties pursuant to Colorado's pro rata liability statute). I am not convinced that Mr. Watson's deposition was essential in order for Defendants to meet this threshold showing, particularly given their failure to pursue written discovery in a timely manner.

As a practical matter, it seems doubtful that a deposition would provide the best method for obtaining detailed information regarding Mr. Watson's prior use of carpet-cleaning chemicals. *Compare In re Wilkie Farr & Gallacher LLP to Quash Subpoena*, 2008 WL 3884380, *2 (S.D.N.Y. 2008) (unlike a Rule 30(b)(6) deponent, a witness deposed in his individual capacity does not have a duty to prepare prior to offering his testimony) and *3M Innovative Properties Co v. Tomar Electronics*, 2006 WL 2670038, *6 (D. Minn. 2006) (parties are under a duty to complete a reasonable investigation when presented with the opposing party's interrogatories and document requests); *Calderon v. Tower Associates International, Inc. (USA)*, 1989 WL 62458, *2 (D. Or. 1989) ("a party is required to make a reasonable investigation before responding to interrogatories and to answer interrogatories as fully as the information available to him will allow"). Even assuming that Mr. Watson can identify the manufacturers of carpet cleaning products he used prior to 2001 when he allegedly began consuming microwave popcorn two or three times a day and can describe the characteristics of those products, his spontaneous responses to deposition questions may be the least productive method for obtaining that information. *Cf. Madanes v. Madanes*, 186 F.R.D. 279, 290 (S.D.N.Y. 1999) (observing that interrogatories provided a more efficient means of obtaining detailed information than the deposition of a witness who could hardly be expected to have a comprehensive memory); *Bottorff v. Bethlehem Steel Corp.*, 130 F.R.D. 97, 98 (N.D Ind. 1990)

(noting that the productivity of a deposition may be frustrated by the deponent's "understandable inability to recite from memory the information requested"). I am mindful that Fed.R.Civ.P. 26(d) generally permits a party to utilize methods of discovery in any sequence they choose. However, C.R.S. § 13-21-111.5(b)(3) should not be held hostage to the timetable or whims of counsel. Colorado's pro rata liability statute contemplates that a defendant will use the available time and discovery options in a productive manner.

Defendant Scisorek's motion also asks the court to "set a deadline twenty (20) days after the entry of an order ruling on this motion" within which to designate "persons or entities about which Defendants have actual present knowledge sufficient to support a designation, such as suppliers of components of the butter flavorings alleged to be at issue." Not surprisingly, as to this category of putative designees, Defendants make no showing of necessity nor offer any explanation why an extension of time is required. *Compare Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (declining to amend a scheduling order deadline where the moving party failed to provide "some persuasive reason as to why the amendment could not have been effected within the time frame established by the court"). All Defendants have had immediate access to whatever information might be required to designate their diacetyl suppliers as non-parties at fault. *Cf. Chavez v. Parkview Episcopal Medical Center*, 32 P.3d 609, 611 (Colo. App. 2001) (finding no error in denying defendant's untimely designation of a non-party where the information concerning that individual's potential fault was previously available to the defendant).

Finally, Defendant Scisorek requests an extension of the statutory deadline in order to incorporate information obtained through subpoenas served on non-party grocery store chains. I

find this specific request has merit. As previously noted, on July 11, 2008, this court allowed discovery to proceed on a limited basis that did not include non-parties. On August 22, 2008, I granted Defendants' request for leave to serve subpoenas *duces tecum* on non-party grocery chains. However, Scisorek's 90-day statutory period for designating non-parties at fault had already expired at that point.[3] Moreover, Defendants advised the court that they were seeking leave to serve subpoenas on non-party grocery stores only after learning that the Dillon Companies automatically deleted customer loyalty information after 18 months. Defendants were concerned that other grocers might have a comparable policy for automatically purging customer loyalty information. I find that this exigency warrants a limited extension of time to serve non-party designations based upon information derived from this customer loyalty information.

Section 13-21-111.5 requires the court to consider the interests of judicial efficiency. For example,

> [t]he natural course of litigation may prevent a defendant from developing a well-founded designation until after the 90-day designation period has run. A court may find, however, that the burden untimely designation imposes on the efficient progress of litigation outweighs the need for designation demonstrated by a defendant and deny a motion to designate out of time.

*Watters v. Pelican International, Inc.*, 706 F. Supp. at 1457. If the passage of time must hold adverse consequences to any party, those consequences should fall on the parties who created the

---

[3]Plaintiffs would argue that Defendants should have moved more expeditiously to tap this source of potentially relevant information and to seek relief from the discovery limitations imposed on July 11. There might be some justification for this argument, particularly in light of Defendants' delay of 40 days in serving subpoena *duces tecum* on non-party grocery chains. This delay is all the more remarkable given that Defendants had requested leave to serve these subpoenas specifically because they feared the grocery chains were deleting customer loyalty information in the ordinary course of business.

problem through their own dilatory conduct. Section 13-21-111.5(3)(b) clearly imposes on a defendant the obligation to provide timely notice of nonparty designations. I find no reason to relieve these Defendants of that burden.

Accordingly, for the foregoing reasons, Defendant Scisorek & Sons Flavors, Inc.'s Motion to Set Deadlines to Designate Non-Parties at Fault Pursuant to C.R.S. § 13-21-111.5 (doc. # 93) is DENIED, to the extent Defendant Scisorek seeks an extension of time to designate as non-parties at fault additional suppliers of components of the butter flavorings alleged to be at issue in this case, as well as potential non-parties at fault related to Mr. Watson's prior exposure to carpet cleaning chemicals. As to these categories of information, the court finds that Defendant has failed to demonstrate that an extension of time is "necessary" as contemplated by C.R.S. § 13-21-111.5(3)(b). Defendant Scisorek's Motion is GRANTED as to the extent it seeks an extension of time to designate non-parties at fault identified through information derived from subpoenas *duces tecum* served on local grocery store chains. Those designations must be served, if at all, within twenty (20) days of this Order.

DATED this 2nd day of December, 2008.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge