IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00091-WDM-CBS

WAYNE WATSON, *et al.*

    Plaintiffs,

v.

DILLON COMPANIES, INC., *et al.*,

    Defendants.

---

FONA INTERNATIONAL,

    Third-Party Plaintiff

v.

ADVANCED BIOTECH, *et al.*

    Defendants.

---

FONA INTERNATIONAL,

    Third-Party Plaintiff

v.

BRIDGEPOINT SYSTEMS, INC., *et al.*

    Third-Party Defendants.

---

GIVAUDAN FLAVORS CORP.,

    Third-Party Plaintiff,

v.

BRIDGEPOINT SYSTEMS, INC., *et al.*,

   Third-Party Defendants.

---

INTERNATIONAL FLAVORS & FRAGRANCES, INC., *et al.,*

   Third-Party Plaintiffs,

v.

BRIDGEPOINT SYSTEMS, INC., *et al.,*

   Third-Party Defendants.

---

CITRUS & ALLIED ESSENCES, LTD.,

   Third-Party Defendant and Third-Party Plaintiff

v.

CHEMTURA CANADA CO./CIE,

   Third-Party Defendant.

---

GILSTER-MARY LEE CORPORATION,

   Third-Party Plaintiff,

v.

BRIDGEPOINT SYSTEMS, INC., *et al.,*

   Third-Party Defendants.

---

FLAVOR CONCEPTS, INC.,

   Third-Party Plaintiff,

v.

BRIDGEPOINT SYSTEMS, INC., *et al.*,

   Third-Party Defendants.

## PROTECTIVE ORDER – MODIFICATION #1

The provisions of this Protective Order – Modification #1 modify the Protective Order entered by this Court on June 16, 2008 as follows:

4.(a)   Any documents or information that contain the proprietary chemical carpet cleaning formula of any Third-Party Defendant and that have been marked as ATTORNEYS' EYES ONLY shall be revealed only to persons qualified as provided in paragraph B.2. of the Protective Order and who have signed the "Agreement to be Bound by Protective Order-Modification #1" attached hereto as <u>Exhibit 1</u>.  For clarification, competitors who are not permitted to see, review or receive (in any manner) ATTORNEYS' EYES ONLY documents from any carpet cleaning defendant, include but are not limited to any and all companies or individuals involved in the commercial research, manufacture, distribution, marketing, sale or professional use of carpet cleaning products.  Presently those named Third-Party Defendants are Chemical Technologies International, Inc. and Bridgewater, Inc. d/ba/a Bridgepoint Systems, Inc.  It is the obligation of all counsel to take reasonable measures to ensure that ATTORNEYS' EYES ONLY documents are not distributed in any manner inconsistent with this Order, including oversight of counsel's staff in the handling of such documents.  A counsel's signature on Exhibit 1 is binding on the counsel's firm, including all attorneys and staff.

4.(b)   Each party's counsel shall maintain a log of delivery or dissemination of any such ATTORNEYS' EYES ONLY documents (not applicable to the party's own ATTORNEYS' EYES ONLY documents) to qualified individuals as such qualified individuals is described in Paragraph B. 2 of the Protective Order.  The log will identify the name, address and telephone number of the

individual that received the ATTORNEYS' EYES ONLY DOCUMENTS, a general description of the documents sent (e.g. Defendant Z's August 10, 2009 Disclosures; Plaintiff O's July 30, 2009 Discovery Responses, etc.), and the date when the documents were sent to each individual. The ATTORNEYS' EYES ONLY logs maintained by each party's counsel will be tendered to the producing party's counsel, but restricted to the applicable producing party's ATTORNEYS' EYES ONLY documents, at the conclusion of the case, or when the producing party is dismissed from the case, and only upon request of the producing party. Such logs shall remain privileged and confidential and shall not be disclosed by the receiving or producing party, except as necessary to enforce a violation of this Protective Order or to pursue other remedy at law or equity related to trade secrets. The information contained in the logs shall not be used for any reason whatsoever other than related to protection of trade secrets.

13. Only persons to whom CONFIDENTIAL information may be disclosed pursuant to this Protective Order as Modified may be present in a deposition for testimony relating to CONFIDENTIAL information. Only persons to whom ATTORNEYS' EYES ONLY information may be disclosed pursuant to this Protective Order as Modified may be present in a deposition for testimony relating to ATTORNEYS' EYES ONLY information. At trial or hearing in this action, the Court may enter further orders governing the use at the trial or hearing of the ATTORNEYS' EYES ONLY documents or information.

14. All non-parties who produce documents in connection with this lawsuit in response to a third party subpoena or otherwise, shall be provided with a copy of this Protective Order as Modified and have the right to classify documents in accordance with this Protective Order as Modified.

15. Nothing in this Protective Order as Modified shall limit any rights and remedies

presently available by statute or common law to a producing party against any individual, company, or party that is subject to the terms of this Protective Order as Modified, for using, accessing, disclosing, or distributing CONFIDENTIAL or ATTORNEYS' EYES ONLY information in a manner not authorized by this Protective Order as Modified.  This paragraph does not create any new rights or remedies beyond Contempt of Court, that do not already exist by statute or common law.

These amendments are prospective in application, and all other provisions of the June 16, 2008 Protective Order remain in force.

DATED at Denver, Colorado, this 17th day of July, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge