IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00091-WDM-CBS

WAYNE WATSON and
MARY WATSON,

    Plaintiffs,

v.

DILLON COMPANIES, INC., d/b/a/ KING SOOPERS, also d/b/a INTER-AMERICAN PRODUCTS, INC., et al.,

    Defendants.[1]

---

**ORDER REGARDING PROCEDURES FOR HEARING ON
MOTIONS TO EXCLUDE TESTIMONY**

---

Miller, J.

This matter is before me on the various joint motions to exclude expert testimony (ECF Nos. 567, 568, 569, and 570) filed by Defendants Dillon Companies, Inc., d/b/a King Soopers, Inter-American Products, Inc., and The Kroger Company (collectively, the "Kroger Defendants"), Gilster-Mary Lee Corporation ("Gilster-Mary Lee") and Birds Eye Foods, Inc., ("Birds Eye").  Plaintiffs Wayne and Mary Watson oppose the motions. Because the motions implicate relevance and reliability issues under Rule 702 of the Federal Rules of Evidence and the standards set forth by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, a hearing on the matter has been set on June 14, 2011 at 9:00 a.m.  ECF No. 617.  This order addresses

---

[1]This case includes a number of third-party and other related litigation.  However, since the motions addressed here concern only the primary parties, I have not included the related matters in the caption of this order.

procedures to be followed in preparation for and at the hearing.

Accordingly it is ordered:

1. All expert witnesses addressing the issues raised by the parties shall be present.

2. No later than fourteen days prior to the hearing, the proponent of the expert witness shall file a verified statement of the expert witness that sets forth the expert witness's relevant qualifications, opinions, methodology, etc.  If the parties agree that the expert witness's qualifications are not at issue, as it appears from the motions to strike, the witness's credentials may be addressed as briefly as needed.  This statement shall constitute the proponent's direct examination of the expert witness and should therefore include all information the proponent would otherwise present in support of the challenged opinions.  The proponent should address the challenges raised by the opposing party.  Such statement shall not exceed ten pages without permission of the Court.

3. The hearing will begin with brief opening arguments by the parties followed by the challenging party's cross-examination of the expert witness.  The proponent may conduct redirect examination.

4. Both parties may then call additional witnesses.  A list of any additional witnesses shall be filed no later than seven days before the hearing.  If any additional witness will express opinions subject to Fed. R. Evid. 702 which have not already been disclosed in discovery, a copy of that witness's curriculum vitae and a report disclosing such opinions shall be

       filed seven days before the hearing.

5.      No later than seven days before the hearing, the parties shall file a joint exhibit list with the Court.

DATED at Denver, Colorado, on January 27, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge