IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00091-WDM-CBS

WAYNE WATSON and
MARY WATSON,

    Plaintiffs,

v.

DILLON COMPANIES, INC., d/b/a/ KING SOOPERS, also d/b/a INTER-AMERICAN PRODUCTS, INC., et al.,

    Defendants.[1]

---

## ORDER ON MOTION FOR LEAVE TO PRESENT TESTIMONY BY DEPOSITION

Miller, J.

This matter is before me on Plaintiffs' Motion for Leave to Present Testimony of Treating Physician Dr. Cecile Rose by way of Deposition at Daubert Hearing or, in the Alternative, to Hold Hearing Open, or in Second Alternative to Reschedule Hearing (ECF No. 635). Defendants do not object to rescheduling the hearing but object to keeping the hearing open or permitting Plaintiffs to rely on the opinions of Dr. Rose without her appearing at a hearing on the issues raised.

A *Daubert* hearing is set for June 14 - 15, 2011 to resolve challenges raised by Defendants to opinions proffered by Plaintiffs' three expert witnesses, including Dr. Rose. This hearing was set and the parties instructed on January 27, 2011 that all

---

[1] This case includes a number of third-party and other related litigation. However, since the motions addressed here concern only the primary parties, I have not included the related matters in the caption of this order.

witnesses must appear in person.  ECF No. 619.  Plaintiffs have provided no explanation or good cause for why they were unable to ensure that Dr. Rose would be present at the hearing, and have merely informed me that Dr. Rose will be out of town.  They have proposed to present Dr. Rose's testimony by deposition.

The problem presented by Plaintiffs is that Dr. Rose was deposed and cross-examined on April 7, 2010 but Defendants' motion to strike Dr. Rose's testimony was filed on September 13, 2010.  The purpose of the hearing is to address the issues raised by the motions, including by having the witness respond to questions from the court, not to simply repeat testimony that already exists on the record.  In the absence of good cause, I will not reschedule the hearing, which would result in additional cost and inconvenience to Defendants.  Plaintiffs may present any additional relevant portions of Dr. Rose's deposition testimony as they deem necessary at the June 14-15, 2011 hearing but need not repeat the portions already provided in the briefing or otherwise.  *See e.g.*, Exhibit 14 (excerpts from Dr. Rose's deposition) to Plaintiff's Statement of Disputed or Undisputed Material Facts (ECF No. 600).  If I conclude that I cannot resolve the motion to strike Dr. Rose's expert opinions without additional testimony from Dr. Rose, I will reconvene the hearing and Defendants may seek costs incurred as a result.

Accordingly, it is ordered:

1. Plaintiffs' Motion for Leave to Present Testimony of Treating Physician Dr. Cecile Rose by way of Deposition at Daubert Hearing or, in the Alternative, to Hold Hearing Open, or in Second Alternative to Reschedule Hearing (ECF No. 635) is granted in part and denied in part.  Plaintiffs

may present Dr. Rose's testimony by way of deposition without prejudice to an order reconvening the *Daubert* hearing should additional testimony be required. Plaintiffs' alternative request to reschedule the hearing is denied.

DATED at Denver, Colorado, on June 7, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge