IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00091-WDM-CBS

WAYNE WATSON and
MARY WATSON,

    Plaintiffs,

v.

DILLON COMPANIES, INC., d/b/a/ KING SOOPERS, also d/b/a INTER-AMERICAN PRODUCTS, INC., et al.,

    Defendants.[1]

## ORDER ON MOTION TO SUBMIT SUPPLEMENTAL REPLY

Miller, J.

This matter is before me on the Defendants' Joint Motion for Leave to File Joint Supplemental Reply to Plaintiff's Opposition to Defendants' Joint Motion to Exclude (ECF No. 651). On the same day that this motion was filed, I issued an order (ECF No. 652) resolving the motions to exclude expert testimony and denying Defendants' motion for summary judgment. I will grant the motion but, having considered the evidence presented, will not modify my order regarding the admissibility of the expert witness testimony at issue.

In their motion to supplement, Defendants seek to introduce new case law from the Court of Appeals for the Ninth Circuit in another case involving similar facts and the

---

[1] This case includes a number of third-party and other related litigation. However, since the motions addressed here concern only the primary parties, I have not included the related matters in the caption of this order.

same experts whose testimony Defendants sought to exclude here. In the unpublished decision, *Newkirk v. ConAgra Foods, Inc.*, Case No. 10-35643 (9th Cir., June 17, 2011), the Ninth Circuit concluded that the district court did not abuse its discretion in excluding the opinions of Drs. David Egilman and Allen Parmet. The district court in *Newkirk* concluded that Dr. Egilman's opinion that slurry vapors and vapors emitted from popped microwave popcorn was unsupported. Here, however, there were at least two research articles offered into evidence showing that the chemicals emitted from popping microwave popcorn were similar to those found in the air at microwave popcorn plants. Jacky A. Rosati, *et al.*, *Emissions from Cooking Microwave Popcorn,* CRIT. REV. IN FOOD SCI. & NUTRITION, 47, 701 (2007), Exh. 47 to Pls.' Statement of Facts, ECF No. 602-7; Roger Pearson, Ph.D, Aspen Research Corp., *Evaluation of Microwave Popcorn Potential to Emit Organic Compounds*, Aspen Project No. 34579 (May 5, 2005), Exh. 51 to Pls.' Statement of Facts, ECF No. 602-11, at 3-4. I have concluded that these form an adequate basis for Dr. Egilman's opinion regarding the potential toxicity of microwave popcorn vapors containing diacetyl. The *Newkirk* case appears to be distinguishable from this case because there were issues concerning Mr. Newkirk's exposure levels. Here, in contrast, although the evidence is disputed, there were measurements of Mr. Watson's exposure to diacetyl from popping a bag of microwave popcorn by Dr. John Martyny in the Watson home. Therefore, the Ninth Circuit's opinion regarding the issues before it do not alter my analysis here.

Accordingly, it is ordered:

1. Defendants' Joint Motion for Leave to File Joint Supplemental Reply to Plaintiff's Opposition to Defendants' Joint Motion to Exclude (ECF No.

651) is granted.

DATED at Denver, Colorado, on June 27, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge