IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 08-cv-00091-WYD-CBS

WAYNE WATSON and
MARY WATSON

        Plaintiffs,

v.

DILLON COMPANIES, INC., d/b/a KING SOOPERS, also d/b/a INTER-AMERICAN
PRODUCTS, INC., et al.

        Defendants.

---

**ORDER**

---

I.     INTRODUCTION

Plaintiffs Wayne and Mary Watson filed this case against the Defendants, Dillon

Companies, Inc., Gilster-Mary Lee Corporation, Inter-American Products, Inc., and The

Kroger Company (hereinafter "Defendants"), because of Plaintiff Wayne Watson's

respiratory disorders, which he contends are the result of inhaling a butter flavoring

compound known as diacetyl contained in microwave popcorn manufactured and

distributed by the Defendants.

After lengthy pretrial motions practice, settlement discussions, expert witness

challenges, discovery and other legal wrangling and delays by the parties, this case

finally went to trial on September 4, 2012.  On September 19, 2012, the jury reached its

verdict, awarding the Plaintiffs more than seven million dollars in damages.  Specifically,

the jury awarded Plaintiff Wayne Watson $667,961in damages for economic losses

excluding any damages for physical impairment; $1,000,000 in damages for non-

economic losses or injuries excluding damages for physical impairment; and $450,000 in damages for physical impairment.  The jury apportioned fault as follows:  5% charged to Defendant Dillon Companies; 15% charged to Defendant The Kroger Co.; and 80% charged to Defendant Gilster-Mary Lee Corp.  The jury also awarded Plaintiff Wayne Watson $5,000,000 in punitive damages.  The jury further awarded Plaintiff Mary Watson $100,000 in damages for her loss of consortium claim.

On September 26, 2012, Judgment was entered against the Defendant Dillon Companies in the amount of $33,398.05 (.05 x $667,961.00) for Plaintiff Wayne Watons's economic losses, in the amount of $50,000.00 (.05 x $1,000,000.00) for Plaintiff Wayne Watson's non-economic losses, in the amount of $22,500.00 (.05 x $450,000.00) for Plaintiff Wayne Watson's physical impairment, and in the amount of $5,000.00 (.05 x $100,000.00) for Plaintiff Mary Watson's loss of consortium claim.

Judgment was also entered against Defendant The Kroger Co. in the amount of $100,194.15 (.15 x $667,961.00) for Plaintiff's economic losses, in the amount of $150,000.00 (.15 x $1,000,000.00) for Plaintiff's non-economic losses, in the amount of $67,500.00 (.15 x $450,000.00) for Plaintiff's physical impairment, and in the amount of $15,000.00 (.15 x $100,000.00) for Plaintiff Mary Watson's loss of consortium claim.

Judgment was entered against Defendant Gilster-Mary Lee Corporation in the amount of $534,368.80 (.80 x $667,961.00) for Plaintiff's economic losses, in the amount of $800,000.00 (.80 x $1,000,000.00) for Plaintiff's non-economic losses, in the amount of $360,000.00 (.80 x $450,000.00) for Plaintiff's physical impairment, in the amount of $5,000,000 for punitive damages, and in the amount of $80,000.00 (.80 x $100,000.00) for Plaintiff Mary Watson's loss of consortium claim.

The Judgment also ordered that post-judgment interest shall accrue on the total amount of $7,217,961at the legal rate of .18% per annum from the date of entry of judgment.

After the entry of judgment, the parties collectively filed five post-trial motions to alter or amend the Judgment, for a new trial, or for judgment as a matter of law. Additionally, Plaintiffs filed a separate motion for attorney fees and costs. After reviewing all of the relevant pleadings and the pertinent record, I determine that oral argument is unnecessary on the motions for judgment as a matter of law. Applying the appropriate legal standards, I address them below. The remaining post-trial motions will be heard at the hearing set for April 18, 2013.

II.      MOTIONS FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL

At the close of the evidence, Defendants moved orally to dismiss both Plaintiffs' CCPA and punitive damages claims as a matter of law pursuant to Fed. R. Civ. P. 50(a). (Trial Tr. 1532-1537). First, Defendants argued that Plaintiffs could not establish public harm under the CCPA, which is one of the elements of the claim submitted to the jury. Specifically, Defendants asserted that there was no evidence that any person in the public sector, other than Wayne Watson, was damaged by the delivery of microwave popcorn containing diacetyl into the stream of commerce. Second, Defendants argued that there was no basis for them to have known that consumers could ever be at risk from microwave popcorn containing diacetyl when "there is such an avalanche of information to the contrary." (Trial Tr. 1533:16-25). Thus, "there is absolutely not a shred of evidence that would support the notion that [the Defendants'] conduct was made knowingly or willfully or with reckless and wanton disregard for the

-3-

rights and feelings of the plaintiff." (Trial Tr. 1534:3-10). I denied the motions in open court, and the case was presented to the jury. As I previously stated, the jury returned a verdict for the Plaintiffs.

In the pending motions before me, Defendants renew their motions for judgment as a matter of law pursuant to Fed. R. Civ. 50(b). As an alternative, Defendants request a new trial based on their arguments that the jury award was excessive contrary to the weight of the evidence.

A.      Standard of Review

As a threshold matter, a renewed motion under Fed. R. Civ. P. 50(b) cannot contain grounds for relief not asserted in the original Fed. R. Civ .P. 50(a) motion. *See Anderson v. United Tel. Co.*, 933 F.2d 1500, 1503 (10th Cir. 1991). To find otherwise would be to contravene the purposes of Fed. R. Civ. P. 50(a). *Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1115 (10th Cir. 2005). Accordingly, I refuse to entertain any arguments not contained in the original motions for judgment as a matter of law. Accordingly, I address only those arguments previously broached concerning Plaintiffs' CCPA claim, Plaintiffs' punitive damages claim, and the issue of causation.

A renewed motion for judgment as a matter of law post-verdict is determined under the same standards as govern resolution of a post-evidentiary motion for judgment as a matter of law under Fed. R. Civ. P. 50(a). Motions under Fed R. Civ. P. 50(b) "should be cautiously and sparingly granted." *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir. 1988) (citations omitted). I cannot pass judgment on the credibility of witnesses or substitute my judgment for that of the jury. *See Hinds v. General Motors Corp.*, 988 F.2d 1039, 1045 (10th Cir. 1993). Judgment as a matter of

law is appropriate "only where the proof is all one way or so overwhelmingly preponderant in favor of the movant so as to permit no other rational conclusion." *Id.*

B.      Plaintiffs' CCPA Claim

Defendants argue that at trial, Plaintiffs failed to produce sufficient evidence upon which a reasonable jury could find a deceptive trade practice or a significant public impact as required by the CCPA.  Defendants previously argued and argue now that Plaintiffs failed to show: (1) that Defendants knew of any potential harm to the public posed by the consumption of microwave popcorn containing the chemical diacetyl and (2) that Defendants' trade practices affected other consumers or posed a risk of harm to future consumers.

The jury found that the Defendants violated the Colorado Uniform Deceptive Trade Practices Act by failing to give Plaintiff Wayne Watson and other consumers adequate warnings on their microwave popcorn products containing diacetyl.   Colo. Rev. Stat. § 6-1-105 of the Colorado Consumer Protection Act or "CCPA" provides:

> 1) A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person:
>
> (e) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith;
>
> (g) Represents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another;
>
> (u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction;

At trial, the jury heard testimonial evidence that microwave popcorn plants owned by the Defendants had been investigated by NIOSH, a division of the Centers for Disease Control.  NIOSH found and published reports on lung disease found among the workers exposed to diacetyl.  Additionally, expert witnesses testified that exposure to diacetyl vapors causes lung disease in both plant workers and consumers.  There was also testimony that billions of bags of microwave popcorn containing diacetyl were sold to the public from approximately the mid-1980s until Defendants removed diacetyl from their products in 2008.  Furthermore, Dr. Egilman, Plaintiffs' expert witness, opined that diacetyl causes bronchiolitis obliterans in some individuals, referencing studies and agencies that have drawn the same conclusions.  Other witnesses, including Defendants' expert, Dr. Kulig, testified that the Defendants were aware of several other consumer cases (other than Plaintiff Wayne Watson's) where diacetyl was alleged to have caused injury.

Defendants repeatedly underscore that the evidence presented to the jury was limited to what happens in a popcorn plant setting where workers were exposed to much higher levels of diacetyl than a consumer would be in his or her own kitchen. Thus, Defendants could not have known that consumers were at risk.

I find that conflicting evidence was presented, and I am not free to adjudge the credibility of witnesses or to substitute my judgment for that of the jury.  From the evidence presented, a reasonable jury could conclude that the Defendants knew about the risk posed to consumers from the diacetyl in their microwave popcorn products, failed to warn consumers about that risk, and that a significant number of consumers would be affected since billions of bags of microwave popcorn were placed into the

stream of commerce.  Because there was sufficient evidence to support the conclusion

that Defendants engaged in deceptive trade practices under the CCPA, the Defendants'

motion for judgment as a matter of law must be denied.

      C.      <u>Plaintiffs' Punitive Damages Claim</u>

Related to the CCPA claim, Defendants previously argued and argue now that

Plaintiffs' punitive damages claim must be dismissed because there was insufficient

evidence to establish that Plaintiff Wayne Watson's injury was due to wilful or wanton

conduct.  Colorado law defines "willful and wanton conduct" as "conduct purposefully

committed which the actor must have realized as dangerous, done heedlessly and

recklessly, without regard to consequences or of the rights and safety of others,

particularly the plaintiff.  Colo. Rev. Stat. § 13-21-102(1)(b).

As set forth in the previous section, the jury heard conflicting evidence that

diacetyl causes lung injury in consumers and whether the Defendants had knowledge of

this risk.  Plaintiff's expert witness, Dr. Cecile Rose, testified that she informed various

government agencies that she suspected a causal connection between consumer

popcorn consumption and lung disease.  Other expert witnesses testified about studies

and other consumer cases to support this causal nexus.  Again, I find that a reasonable

jury could conclude that the Defendants knew about the risk posed to consumers from

the diacetyl in their microwave popcorn products, and that this conduct could be

construed as willful and wanton.  Defendants have failed to show that the evidence is all

one way or so overwhelmingly preponderant in their favor so as to permit no other

rational conclusion.  *See Hinds*, 988 F.2d at 1045.  Thus, the motion for judgment as a

matter of law is denied with respect to the punitive damages claim.

D.        Causation

Finally, Defendants move for judgment as a matter of law, arguing that Plaintiffs

failed to introduce evidence establishing what level of diacetyl exposure is necessary

before it can cause injury and that the expert testimony of Dr. Egilman should have

been excluded.

By way of background, I note that this issue was the subject of much pretrial

litigation.  The Court considered multiple motions for summary judgment and motions to

exclude testimony along with holding three pretrial *Daubert* hearings involving causation

issues.  Before this matter was ultimately transferred to me, in June, 2001, the late

Senior District Judge Walker D. Miller convened a two-day *Daubert* hearing where he

heard testimony from five expert witnesses along with argument on the motions for

summary judgment.  On April 18, 2012, I held a second *Daubert* hearing where I heard

Dr. Rose's opinions.  The expert witness opinions were all ultimately held to be

admissible at trial subject to the exclusion of limited portions of Dr. Egilman's opinions

regarding the minimum exposure of diacetyl that will trigger respiratory problems.  *See*

Judge Miller's Order at 25-26, ECF No. 652.

Finally, in light of a recent Tenth Circuit opinion involving issues surrounding

*Daubert* challenges of expert testimony in a product liability case, on the first and

second days of trial, I held a final *Daubert* hearing on the issues of causation.  *See*

*Hoffman v. Ford Motor Co.*, No. 10-1137, 2012 WL 3518997 (10th Cir. August 16, 2012)

(reversing the jury's verdict for plaintiff and remanding the case for entry of judgment in

favor of the defendant based on the district court's erroneous admission of expert

testimony).

Causation in toxic tort cases is discussed in terms of general causation and specific causation. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 881 (10th Cir. 2005). "General causation is whether a substance is capable of causing a particular injury or condition in the general population and specific causation is whether a substance caused a particular individual's injury. Plaintiff must first demonstrate general causation because without general causation, there can be no specific causation." *Id.* In other words, here, if microwave butter-flavored popcorn containing diacetyl is incapable of causing lung disease in consumers, then, the Defendants' popcorn could not have caused Plaintiff Wayne Watson's lung injuries.

For reasons stated on the record in detail on the first and second days of trial , after hearing testimony from Plaintiffs' expert witness, Dr. Egilman, I rejected Defendants' arguments and concluded that his opinions on general and specific causation were admissible under *Daubert*. (Trial Tr. 223-235, September 5, 2012). Dr. Egilman testified that vapors from diacetyl can be harmful and provided a relevant and reliable basis for this opinion. Now, after reviewing the trial testimony, Judge Miller's prior Order, and all other pertinent documents, I reject Defendants' renewed arguments regarding causation once again. Defendants provide me with no reason to deviate from my prior rulings. After thoroughly and thoughtfully considering this issue, I find that there was sufficient evidence presented through the testimony of the various expert witnesses to establish both general and specific causation. In other words, based on the evidence presented, I find that a reasonable jury could find that diacetyl was capable of causing lung disease in consumers such as Plaintiff Wayne Watson. Defendants' motion for judgment as a matter of law as to this issue is denied.

E.        Request for a new trial

In a brief paragraph at the end of each motion for judgment as a matter of law,

Defendants urge, in the alterative, if they are not entitled to judgment as a matter of law,

they are entitled to a new trial based on insufficiency of the evidence.  Defendants base

this request on the grounds stated in their three motions for judgment as a matter of

law, which I thoroughly addressed in this Order.  For reasons clearly detailed above, I

denied Defendants' three motions for judgment as a matter of law.

When a case has been tried to a jury, a new trial may be granted "for any of the

reasons for which new trials have heretofore been granted in actions at law in the courts

of the United States."  Fed. R. Civ. P. 59(a)(1)(A).  A motion for new trial "is not

regarded with favor and should only be granted with great caution."  *United States v.*

*Kelley*, 929 F.2d 582, 586 (10th Cir. 1991).  The decision whether to grant a new trial is

committed to the sound discretion of the trial court.  *Id* .

> In ruling on a motion for a new trial, the trial judge has broad discretion.
> He has the obligation or duty to ensure that justice is done, and, when
> justice so requires, he has the authority to set aside the jury's verdict. He
> may do so when he believes the verdict to be against the weight of the
> evidence or when prejudicial error has entered the record.

*McHargue v. Stokes Div. of Pennwalt Corp.*, 912 F.2d 394, 396 (10th Cir. 1990)

(internal citations omitted).

In support of this request, Defendants incorporate by reference all three of their

motions for judgment as a matter of law and argue that there is no evidence to support

the conclusions that the Defendants violated the CCPA, acted wilfully and wantonly or

that diacetyl caused Plaintiff Wayne Watson's lung injury.   "Where a new trial motion

asserts that the jury verdict is not supported by the evidence," the evidence must be

considered in the light most flattering to the prevailing party, and "the verdict must stand

unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence."

*Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999) (internal quotations

and citations omitted).   Having reviewed and analyzed the arguments, the applicable

law, and the record as set forth above in my rulings denying the motions for judgment

as a matter of law, I deny the alternative request for a new trial.  Defendants' motion for

a new trial is denied.

III.     CONCLUSION

Based on the foregoing, it is

ORDERED that Defendants Dillon Companies' Renewed Motion for Judgment as

a Matter of Law or in the Alternative Motion for a New Trial on Plaintiffs' Colorado

Consumer Protection Act Claim (ECF No. 823) is **DENIED.**  It is

FURTHER ORDERED that Defendant Gilster-Mary Lee's Corporation's Renewed

Motion for Judgment as a Matter of Law or in the Alternative Motion for a New Trial on

Plaintiffs' Award of Punitive Damages (ECF No. 824) is **DENIED**.  It is

FURTHER ORDERED that Defendants' Motion for Entry of Judgment as a

Matter of Law as to Entire Case, or Alternatively, for a New Trial, Based on Evidentiary

Flaws Pertaining to Causation and Improperly Admitted Evidence of Prior Injuries (ECF

No. 825) is **DENIED.**

Dated:  April 10, 2013

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge