IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-00091-WYD-CBS

WAYNE WATSON and
MARY WATSON,

       Plaintiffs,

v.

DILLON COMPANIES, INC., d/b/a KING SOOPERS, also d/b/a INTER-AMERICAN
PRODUCTS, INC.;
INTER-AMERICAN PRODUCTS, INC.;
THE KROGER CO. d/b/a KING SOOPERS, also d/b/a DILLON COMPANIES, INC.,
also d/b/a INTER-AMERICAN PRODUCTS, INC.;
GLISTER-MARY LEE, CORP.;
BIRDS EYE FOODS, INC. and JOHN DOE DEFENDANTS 9-20,

       Defendants.

---

## AMENDED FINAL JUDGMENT

---

Pursuant to and in accordance with Fed. R. Civ. P. 58(a) and the Notice of

Dismissal as to Certain Claims Only, filed on November 4, 2010, by the Honorable

Walker D. Miller, United States Senior District Judge, and incorporated herein by

reference as if fully set forth, it is

ORDERED that Accordingly, the third-party complaint of Gilster-Mary Lee

Corporation is dismissed with prejudice, against Chemical Technologies, Inc., each

party to pay his or its own costs and attorneys' fees.

Pursuant to and in accordance with Fed. R. Civ. P. 58(a) and the Order of

Dismissal with Prejudice of Defendant, Birds Eye Foods, Inc., filed on September 6,

2012, by the Honorable Wiley Y. Daniel, Chief United States District Judge, and

incorporated herein by reference as if fully set forth, it is

ORDERED that Defendant Birds Eye, Inc. is dismissed with prejudice.

THIS MATTER came before the Court and a jury of ten duly sworn to try the

matter on September 4, 2012, the Honorable Wiley Y. Daniel, United States District

Judge, presiding.  On September 19, 2012, the jury returned its verdict as follows:

## Verdict Form

## Negligence Claim

Plaintiff Wayne Watson against Defendants Dillon Companies, The Kroger Co., and

Gilster Mary Lee Corporation.

1.      Has Wayne Watson proven by a preponderance of the evidence his claim of

negligence against the Defendant Dillon Companies?

Answer "yes" or "no" below.

Answer:  Yes

2.      Has Wayne Watson proven by a preponderance of the evidence his claim of

negligence against the Defendant Kroger Companies?

Answer "yes" or "no" below.

Answer:  Yes

3.      Has Wayne Watson proven by a preponderance of the evidence his claim of negligence against the Defendant Gilster-Mary Lee Corporation?

Answer "yes" or "no" below.

Answer:   <u>Yes</u>

**<u>Strict Liability, Failure to Warn, Negligence, and</u>**

**<u>Deceptive Trade Practices Claims</u>**

Plaintiff Wayne Watson against Defendants Dillon Companies, The Kroger Co., and Gilster Mary Lee Corporation.

Defendant Dillon Companies

4.      Has Wayne Watson proven by a preponderance of the evidence his claim of Strict Liability against Defendant Dillon Companies?

Answer "yes" or "no" below.

Answer:   <u>No</u>

5.      Has Wayne Watson proven by a preponderance of the evidence his claim of Failure to Warn against Defendant Dillon Companies?

Answer "yes" or "no" below.

Answer:   <u>Yes</u>

6.      Has Wayne Watson proven by a preponderance of the evidence his claim of Negligence against Defendant Dillon Companies?

Answer "yes" or "no" below.

Answer:   <u>Yes</u>

7.    Has Wayne Watson proven by a preponderance of the evidence his claim of

Deceptive Trade Practices against Defendant Dillon Companies?

Answer "yes" or "no" below.

    Answer:   <u>Yes</u>

    Defendant The Kroger Co.

8.    Has Wayne Watson proven by a preponderance of the evidence his claim of

Strict Liability against Defendant The Kroger Co.?

    Answer "yes" or "no" below.

    Answer:   <u>Yes</u>

9.    Has Wayne Watson proven by a preponderance of the evidence his claim of

Failure to Warn against Defendant The Kroger Co.?

    Answer "yes" or "no" below.

    Answer:   <u>Yes</u>

10.    Has Wayne Watson proven by a preponderance of the evidence his claim of

Negligence against Defendant The Kroger Co.?

    Answer "yes" or "no" below.

    Answer:   <u>Yes</u>

11.    Has Wayne Watson proven by a preponderance of the evidence his claim of

Deceptive Trade Practices against Defendant The Kroger Co.?

Answer "yes" or "no" below.

    Answer:   <u>Yes</u>

    Defendant Gilster Mary Lee Corporation

12.      Has Wayne Watson proven by a preponderance of the evidence his claim of

Strict Liability against Defendant Gilster Mary Lee Corporation?

Answer "yes" or "no" below.

Answer:   <u>No</u>

13.      Has Wayne Watson proven by a preponderance of the evidence his claim of

Failure to Warn against Defendant Gilster Mary Lee Corporation?

Answer "yes" or "no" below.

Answer:   <u>Yes</u>

14.      Has Wayne Watson proven by a preponderance of the evidence his claim of

Negligence against Defendant Gilster Mary Lee Corporation?

Answer "yes" or "no" below.

Answer:   <u>Yes</u>

15.      Has Wayne Watson proven by a preponderance of the evidence his claim of

Deceptive Trade Practices against Defendant  Gilster Mary Lee Corporation?

Answer "yes" or "no" below.

Answer:   <u>Yes</u>

IF YOU ANSWERED "NO" TO ALL OF THE ABOVE QUESTIONS, THEN STOP

HERE AND PROCEED TO PAGE 7 AND SIGN AND DATE THE VERDICT FORM,

WHICH MEANS YOUR VERDICT IS FOR THE DEFENDANTS.  IF YOU ANSWERED

"YES" TO ANY OF THE ABOVE QUESTIONS, THEN ANSWER THE FOLLOWING

QUESTIONS.

16.     Was Wayne Watson negligent?

Answer "yes" or "no" below.

Answer:     <u>No</u>

17.     Was Wayne Watson's negligence, if any, the cause of his own claimed injuries?

Answer "yes" or "no" below.

Answer:     <u>No</u>

18.     State your answers to the following questions relating to the Plaintiff's damages that were caused by the wrongful conduct of the Defendants, whether the damages were also caused by the negligence or fault, if any, of the Plaintiff or anyone else.

a. What is the total amount of Plaintiff Wayne Watson's damages, if any, for economic losses excluding any damages for physical impairment?  In computing the amount of the Plaintiff's economic losses, you must exclude those amounts that you are instructed to exclude.

You should answer "0" if you determine there were none.

Answer: <u>$667,961</u>

b. What is the total amount of Plaintiff Wayne Watson's damages, if any, for noneconomic losses or injuries excluding any damages for physical impairment?  You should answer "0" if you determine there were none.

Answer: <u>$1,000,000.00</u>

c. What is the total amount of Plaintiff Wayne Watson's damages, if any, for physical impairment ?  You should answer "0" if you determine there were none.

Answer: <u>$450,000.00</u>

19.     Taking as 100 percent the combined wrongful conduct of the Defendants and the negligence or fault of the Nonparties and/or Plaintiff Wayne Watson that caused the Plaintiffs' injuries, damages, or losses, what percentage was the wrongful conduct of the Defendants and what percentage was the negligence or fault of the Nonparties and/or Plaintiff Wayne Watson?

Answer:

Percentage charged to Defendant Dillon Companies:     <u>5%</u>

Percentage charged to Defendant The Kroger Co:     <u>15</u>%

Percentage charged to Defendant Gilster Mary Lee Corp.     <u>80</u>%

Percentage charged to Nonparty, Birds Eye Foods, Inc.:     <u>0</u>%

Percentage charged to Nonparty, Bush Boake Allen, Inc.:     <u>0</u>%

Percentage charged to Nonparty, Flavor Concepts, Inc.:     <u>0</u>%

Percentage charged to Nonparty, Fona International, Inc.

f/n/a Flavors of North America, Inc.:     <u>0</u>%

Percentage charged to Nonparty, Givaudan Flavors Corp.:     <u>0</u>%

Percentage charged to Nonparty, International Flavors

& Fragrances,  Inc.:     <u>0</u>%

Percentage charged to Nonparty, Scisorek & Sons

Flavors, Inc.:     <u>0</u>%

Percentage charged to Plaintiff, Wayne Watson:     <u>0</u>%

Total (Must Total 100%)     <u>100</u>%

20.     Has Wayne Watson proven beyond a reasonable doubt his claim for exemplary or punitive damages against Defendant  Gilster Mary Lee Corporation? Answer "yes" or "no" below.

Answer:   Yes

IF YOU ANSWERED "YES", INDICATE THE AMOUNT OF PUNITIVE DAMAGES PLAINTIFF SHOULD RECOVER:   $5,000,000.00 PROCEED TO QUESTION 21.

<u>Loss of Consortium Claim</u>

Plaintiff Mary Watson against Defendants Dillon Companies, The Kroger Co., and Gilster Mary Lee Corporation.

21.     Has Mary Watson proven by a preponderance of the evidence her claim of loss of consortium?

Answer "yes" or "no" below.

Answer:   Yes

IF YOU ANSWERED "NO" TO QUESTION 21, THEN STOP HERE AND SIGN AND DATE THE VERDICT FORM BELOW.  IF YOU ANSWERED "YES" TO QUESTION 21, WHAT IS THE TOTAL AMOUNT OF PLAINTIFF MARY WATSON'S DAMAGES, IF ANY, FOR LOSS OF CONSORTIUM?

$100,000.00

Pursuant to and in accordance with Fed. R. Civ. P. 58(a) and the Order, filed on August 28, 2013, by the Honorable Wiley Y. Daniel, United States Senior District Judge, and incorporated herein by reference as if fully set forth, it is hereby

ORDERED that judgment is hereby entered in favor of Plaintiffs, Wayne Watson, and against Defendant, Dillon Companies, Inc., d/b/a King Soopers, in the total amount of $33,398.05, for economic losses on Plaintiffs' Negligence Claim and Strict Liability, Failure to Warn, Negligence and Deceptive Trade Practices Claims.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiffs, Wayne Watson, and against Defendant, The Kroger Company, d/b/a King Soopers, d/b/a Inter-American Products, Inc., d/b/a Dillon Companies, Inc., in the total amount of $100,194.15, for economic losses on Plaintiffs' Negligence Claim and Strict Liability, Failure to Warn, Negligence and Deceptive Trade Practices Claims.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiffs, Wayne Watson, and against Defendant, Gilster-Mary Lee Corporation, in the total amount of $534,368.80 for economic losses on Plaintiffs' Negligence Claim and Strict Liability, Failure to Warn, Negligence and Deceptive Trade Practices Claims.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiff, Wayne Watson, and against Defendant, Dillon Companies, Inc., d/b/a King Soopers, in the total amount of $50,000.00, for noneconomic losses on Plaintiffs' Negligence Claim and Strict Liability, Failure to Warn, Negligence and Deceptive Trade Practices Claims.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiff, Wayne Watson, and against Defendant, The Kroger Company, d/b/a King Soopers, d/b/a Inter-American Products, Inc., d/b/a Dillon Companies, Inc., in the total amount of $150,000.00, for noneconomic losses on Plaintiffs' Negligence Claim and Strict Liability, Failure to Warn, Negligence and Deceptive Trade Practices Claims.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiff, Wayne Watson, and against Defendant, Gilster-Mary Lee Corporation, in the total amount of $366,250.00, for noneconomic losses on Plaintiffs' Negligence Claim and Strict Liability, Failure to Warn, Negligence and Deceptive Trade Practices Claims.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiff, Wayne Watson, and against Defendants, Dillon Companies, Inc., d/b/a King Soopers, in the total amount of $22,500.00, for physical impairment.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiff, Wayne Watson, and against Defendants, The Kroger Company, d/b/a King Soopers, d/b/a Inter-American Products, Inc., d/b/a Dillon Companies, Inc., in the total amount of $67,500.00, for physical impairment.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiff, Wayne Watson, and against Defendants, Gilster-Mary Lee Corporation, in the total amount of $360,000.00, for physical impairment.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiff, Wayne Watson, and against Defendant, Gilster-Mary Lee Corporation, in the total amount of $1,260,618.80, for punitive damages.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiff, Mary Watson, and against Defendant, Dillon Companies, Inc., d/b/a King Soopers, in the total amount of $5,000.00, on Plaintiff's Loss of Consortium Claim.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiff, Mary Watson, and against Defendant, The Kroger Company, d/b/a King Soopers, d/b/a Inter-American Products, Inc., d/b/a Dillon Companies, Inc., in the total amount of $15,000.00, on Plaintiff's Loss of Consortium Claim.  It is further

ORDERED that judgment is hereby entered in favor of Plaintiff, Mary Watson, and against Defendant, Gilster-Mary Lee Corporation, in the total amount of $80,000.00, on Plaintiff's Loss of Consortium Claim.  It is further

ORDERED that post-judgment interest shall accrue on the total amount of $3,044,829.80 at the legal rate of 0.18% per annum from the date of entry of the original final judgment (September 26, 2012).  It is further

ORDERED that Plaintiffs costs were taxed in the total amount of $38,439.78 by the Clerk of this Court in the Bill of Costs [ECF Doc. No. 865], filed January 29, 2013.

DATED at Denver, Colorado this <u>5th</u> day of September, 2013.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK


<u>s/ Edward Butler</u>
Edward Butler,
Deputy Clerk

APPROVED AS TO FORM:


<u>s/ Wiley Y. Daniel</u>
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE