IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-00091-WYD-CBS

WAYNE WATSON and
MARY WATSON,

     Plaintiffs,

v.

DILLON COMPANIES, INC., d/b/a KING SOOPERS, also d/b/a INTER-AMERICAN PRODUCTS, INC.;
INTER-AMERICAN PRODUCTS, INC.;
THE KROGER CO. d/b/a KING SOOPERS, also d/b/a DILLON COMPANIES, INC., also d/b/a INTER-AMERICAN PRODUCTS, INC.;
GLISTER-MARY LEE, CORP.;
BIRDS EYE FOODS, INC. and JOHN DOE DEFENDANTS 9-20,

     Defendants.

---

## THIRD AMENDED FINAL JUDGMENT

---

Pursuant to and in accordance with Fed. R. Civ. P. 58(a) and the Notice of Dismissal as to Certain Claims Only, filed on November 4, 2010, by the Honorable Walker D. Miller, United States Senior District Judge, and incorporated herein by reference as if fully set forth, it is

ORDERED that the third-party complaint of Gilster-Mary Lee Corporation is dismissed with prejudice, against Chemical Technologies, Inc., each party to pay his or its own costs and attorneys' fees.

Pursuant to and in accordance with Fed. R. Civ. P. 58(a) and the Order of Dismissal with Prejudice of Defendant, Birds Eye Foods, Inc., filed on September 6, 2012, by the Honorable Wiley Y. Daniel, Chief United States District Judge, and incorporated herein by reference as if fully set forth, it is

ORDERED that Defendant Birds Eye, Inc. is dismissed with prejudice.

THIS MATTER came before the Court and a jury of ten duly sworn to try the matter on September 4, 2012, the Honorable Wiley Y. Daniel, United States District Judge, presiding.  On September 19, 2012, the jury returned its verdict as follows:

## Verdict Form

## Negligence Claim

Plaintiff Wayne Watson against Defendants Dillon Companies, The Kroger Co., and Gilster Mary Lee Corporation.

1. Has Wayne Watson proven by a preponderance of the evidence his claim of negligence against the Defendant Dillon Companies?

   Answer "yes" or "no" below.

   Answer:  Yes

2. Has Wayne Watson proven by a preponderance of the evidence his claim of negligence against the Defendant Kroger Companies?

   Answer "yes" or "no" below.

   Answer:  Yes

3. Has Wayne Watson proven by a preponderance of the evidence his claim of negligence against the Defendant Gilster-Mary Lee Corporation?

   Answer "yes" or "no" below.

   Answer: <u>Yes</u>

### Strict Liability, Failure to Warn, Negligence, and Deceptive Trade Practices Claims

Plaintiff Wayne Watson against Defendants Dillon Companies, The Kroger Co., and Gilster Mary Lee Corporation.

**Defendant Dillon Companies**

4. Has Wayne Watson proven by a preponderance of the evidence his claim of Strict Liability against Defendant Dillon Companies?

   Answer "yes" or "no" below.

   Answer: <u>No</u>

5. Has Wayne Watson proven by a preponderance of the evidence his claim of Failure to Warn against Defendant Dillon Companies?

   Answer "yes" or "no" below.

   Answer: <u>Yes</u>

6. Has Wayne Watson proven by a preponderance of the evidence his claim of Negligence against Defendant Dillon Companies?

   Answer "yes" or "no" below.

   Answer: <u>Yes</u>

7. Has Wayne Watson proven by a preponderance of the evidence his claim of Deceptive Trade Practices against Defendant Dillon Companies?

Answer "yes" or "no" below.

Answer: <u>Yes</u>

**Defendant The Kroger Co.**

8. Has Wayne Watson proven by a preponderance of the evidence his claim of Strict Liability against Defendant The Kroger Co.?

Answer "yes" or "no" below.

Answer: <u>No</u>

9. Has Wayne Watson proven by a preponderance of the evidence his claim of Failure to Warn against Defendant The Kroger Co.?

Answer "yes" or "no" below.

Answer: <u>Yes</u>

10. Has Wayne Watson proven by a preponderance of the evidence his claim of Negligence against Defendant The Kroger Co.?

Answer "yes" or "no" below.

Answer: <u>Yes</u>

11. Has Wayne Watson proven by a preponderance of the evidence his claim of Deceptive Trade Practices against Defendant The Kroger Co.?

Answer "yes" or "no" below.

Answer: <u>Yes</u>

**Defendant Gilster Mary Lee Corporation**

12. Has Wayne Watson proven by a preponderance of the evidence his claim of Strict Liability against Defendant Gilster Mary Lee Corporation?

> Answer "yes" or "no" below.
>
> Answer: <u>No</u>

13. Has Wayne Watson proven by a preponderance of the evidence his claim of Failure to Warn against Defendant Gilster Mary Lee Corporation?

> Answer "yes" or "no" below.
>
> Answer: <u>Yes</u>

14. Has Wayne Watson proven by a preponderance of the evidence his claim of Negligence against Defendant Gilster Mary Lee Corporation?

> Answer "yes" or "no" below.
>
> Answer: <u>Yes</u>

15. Has Wayne Watson proven by a preponderance of the evidence his claim of Deceptive Trade Practices against Defendant Gilster Mary Lee Corporation?
Answer "yes" or "no" below.

> Answer: <u>Yes</u>

IF YOU ANSWERED "NO" TO ALL OF THE ABOVE QUESTIONS, THEN STOP HERE AND PROCEED TO PAGE 7 AND SIGN AND DATE THE VERDICT FORM, WHICH MEANS YOUR VERDICT IS FOR THE DEFENDANTS.  IF YOU ANSWERED "YES" TO ANY OF THE ABOVE QUESTIONS, THEN ANSWER THE FOLLOWING QUESTIONS.

16.  Was Wayne Watson negligent?

Answer "yes" or "no" below.

Answer:  <u>No</u>

17.  Was Wayne Watson's negligence, if any, the cause of his own claimed injuries?

Answer "yes" or "no" below.

Answer:  <u>No</u>

18.  State your answers to the following questions relating to the Plaintiff's damages that were caused by the wrongful conduct of the Defendants, whether the damages were also caused by the negligence or fault, if any, of the Plaintiff or anyone else.

a. What is the total amount of Plaintiff Wayne Watson's damages, if any, for economic losses excluding any damages for physical impairment?  In computing the amount of the Plaintiff's economic losses, you must exclude those amounts that you are instructed to exclude.
You should answer "0" if you determine there were none.

Answer: <u>$667,961</u>

b. What is the total amount of Plaintiff Wayne Watson's damages, if any, for noneconomic losses or injuries excluding any damages for physical impairment?  You should answer "0" if you determine there were none.

Answer: <u>$1,000,000.00</u>

c. What is the total amount of Plaintiff Wayne Watson's damages, if any, for physical impairment ?  You should answer "0" if you determine there were none.

Answer: <u>$450,000.00</u>

19. Taking as 100 percent the combined wrongful conduct of the Defendants and the negligence or fault of the Nonparties and/or Plaintiff Wayne Watson that caused the Plaintiffs' injuries, damages, or losses, what percentage was the wrongful conduct of the Defendants and what percentage was the negligence or fault of the Nonparties and/or Plaintiff Wayne Watson?

Answer:

| | |
|---|---|
| Percentage charged to Defendant Dillon Companies: | 5% |
| Percentage charged to Defendant The Kroger Co: | 15% |
| Percentage charged to Defendant Gilster Mary Lee Corp. | 80% |
| Percentage charged to Nonparty, Birds Eye Foods, Inc.: | 0% |
| Percentage charged to Nonparty, Bush Boake Allen, Inc.: | 0% |
| Percentage charged to Nonparty, Flavor Concepts, Inc.: | 0% |
| Percentage charged to Nonparty, Fona International, Inc. f/n/a Flavors of North America, Inc.: | 0% |
| Percentage charged to Nonparty, Givaudan Flavors Corp.: | 0% |
| Percentage charged to Nonparty, International Flavors & Fragrances, Inc.: | 0% |
| Percentage charged to Nonparty, Scisorek & Sons Flavors, Inc.: | 0% |
| Percentage charged to Plaintiff, Wayne Watson: | 0% |
| Total (Must Total 100%) | 100% |

20. Has Wayne Watson proven beyond a reasonable doubt his claim for exemplary or punitive damages against Defendant Gilster Mary Lee Corporation?

Answer "yes" or "no" below.

Answer:  Yes

IF YOU ANSWERED "YES", INDICATE THE AMOUNT OF PUNITIVE DAMAGES PLAINTIFF SHOULD RECOVER:  $5,000,000.00

PROCEED TO QUESTION 21.

### Loss of Consortium Claim

Plaintiff Mary Watson against Defendants Dillon Companies, The Kroger Co., and Gilster Mary Lee Corporation.

21. Has Mary Watson proven by a preponderance of the evidence her claim of loss of consortium?

Answer "yes" or "no" below.

Answer:   Yes

IF YOU ANSWERED "NO" TO QUESTION 21, THEN STOP HERE AND SIGN AND DATE THE VERDICT FORM BELOW.  IF YOU ANSWERED "YES" TO QUESTION 21, WHAT IS THE TOTAL AMOUNT OF PLAINTIFF MARY WATSON'S DAMAGES, IF ANY, FOR LOSS OF CONSORTIUM?

$100,000.00

Pursuant to and in accordance with Fed. R. Civ. P. 58(a) and the Orders, filed on August 28, 2013, the Order, filed November 13, 2013, and the Order, filed December 23, 2013, by the Honorable Wiley Y. Daniel, Senior United States District Judge, and incorporated herein by reference as if fully set forth, the Second Amended Final Judgment is amended to reflect the following damage calculation:

| | |
|---|---|
| **Gilster-Mary Lee** | |
| Economic | $ 534,368.80 |
| Non Economic | $ 366,250.00 |
| Physical Impairment | $ 360,000.00 |
| Wayne Watson Total Actual Damages | $ 1,260,618.80 |
| Pre-judgment Interest of 9% compounded from the filing date of 1/15/08 to the judgment date of 9/26/12 | $ 630,166.11 |
| Wayne Watson Actual Damages + Interest | $ 1,890,784.91 |
| Punitive Damages | $ 1,890,784.91 |
| Wayne Watson Damages against Gilster-Mary Lee | $ 3,781,569.82 |
| Mary Watson Consortium | $ 80,000.00 |
| Pre-Judgment Interest at 9% | $ 39,990.91 |
| Mary Watson Damages against Gilster-Mary Lee | $ 119,990.91 |
| **Total Damages Against Gilster-Mary Lee** | **$ 3,901,560.73** |
| **Kroger** | |
| Economic | $ 100,194.15 |
| Non Economic | $ 50,000.00 |
| Physical Impairment | $ 67,500.00 |
| Wayne Watson Total Actual Damages | $ 317,694.15 |
| Pre-judgment Interest of 9% compounded from the filing date of 1/15/08 to the judgment date of 9/26/12 | $ 158,810.96 |
| Wayne Watson Damages against Kroger | $ 476,505.11 |

| | |
|---|---|
| Mary Watson Consortium | $ 15,000.00 |
| Pre-judgment Interest at 9% | $ 7,498.29 |
| Mary Watson Damages against Kroger | $ 22,498.29 |
| **Total Damages Against Kroger** | **$ 499,003.41** |
| **Dillon** | |
| Economic | $ 33,398.05 |
| Non Economic | $ 50,000.00 |
| Physical Impairment | $ 22,500.00 |
| Wayne Watson Total Actual Damages | $ 105,898.05 |
| Pre-judgment Interest of 9% compounded from the filing date of 1/15/08 to the judgment date of 9/26/12 | $ 52,936.99 |
| Wayne Watson Damages against Dillon | $ 158,835.04 |
| Mary Watson Consortium | $ 5,000.00 |
| Pre-judgment Interest at 9% | $ 2,499.43 |
| Mary Watson Damages against Dillon | $ 7,499.43 |
| **Total Damages Against Dillon** | **$ 166,334.47** |
| **Subtotal** | **$ 4,566,898.60** |
| Attorney Fees | $ 826,500.00 |
| Costs | $ 387,189.33 |
| **Total** | **$ 5,780,587.93** |

DATED at Denver, Colorado this 26th day of December, 2013.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK


/s/ Edward Butler
Edward Butler,
Deputy Clerk

APPROVED AS TO FORM:


/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE