IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-00091-WYD-CBS

WAYNE WATSON and
MARY WATSON,

     Plaintiffs,

v.

DILLON COMPANIES, INC., d/b/a/ KING SOOPERS, also d/b/a INTER-AMERICAN PRODUCTS, INC., et al.,

     Defendants.

## ORDER

This matter comes before the Court on Defendant Dillon Companies' Unopposed Motion to Stay Judgment Pending Appeal and for Approval of Supersedeas Bond (ECF No. 918). In the motion, Defendants indicate that they intend to appeal the Court's Third Amended Final Judgment in addition to various Court orders denying post-trial motions. Accordingly, Defendants request that I suspend execution of the judgment during the pendency of these appeals.

Under Fed. R. Civ. P. 62(d), I may extend the stay of execution of the judgment through the duration of the appeal upon the posting of a supersedeas bond by Defendants. An appealing judgment debtor is entitled to a stay of execution of judgment upon the posting of adequate security. *Wilmer v. Board of County Commissioners*, 844 F. Supp. 1414, 1417 (D. Kan. 1993). The purpose of a supersedeas bond is to secure an appellee from loss resulting from a stay of execution. *U.S. ex. rel. Sun Const. Co., Inc., v. Torix General Contractors, LLC*, 2011 WL 2182897, *1 (citing *Miami Inter. Realty Co. v.*

*Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)) (citations omitted).  District Courts have inherent discretionary authority in setting supersedeas bonds.  *Id.*  A court normally sets the amount of a bond to cover the full judgment, including damages, costs, and interests for the delay.  *Torix*, 2011 WL 2182897, at *2.

Concurrent with the filing of this motion, Defendants have posted a supersedeas bond in the amount of $7,225,734.91, which covers the face amount of damages awarded, attorney fees, costs, prejudgment interest, and post-judgment interest, as well as projected interest and appellate costs.  Upon my approval, the original bond will be delivered to the Clerk of Court for the United States District Court for the District of Colorado for the Court's safekeeping.

Pursuant to Rule 62(d), I find that the unopposed motion should be granted.  Accordingly, it is

ORDERED that Defendant Dillon Companies' Unopposed Motion to Stay Judgment Pending Appeal and for Approval of Supersedeas Bond (ECF No. 918) is **GRANTED.**  Upon the posting of the supersedeas bond, Plaintiffs are **STAYED** from executing, or attempting to execute, upon the judgment in this case and from filing any proceedings to enforce the judgment pending the appeal of this case.  It is

FURTHER ORDERED that this Court **APPROVES** the supersedeas bond (ECF No. 919), filed January 6, 2014.  Within **10 days** of the date of this Order, the Defendants shall deliver the original bond to the Clerk of Court for the United States District Court for the District of Colorado for the Court's safekeeping and file an appropriate document with the Court confirming such delivery.

Dated: January 9, 2014

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE